UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHI'DEAN D. AL'ZAIEM,<br>Plaintiff,<br>v.<br>ALEJANDRO N. MAYORKAS,<br>Defendant. | Civil Action No. 22-03804 (JEB) |

**ANSWER**

Defendant Alejandro N. Mayorkas, in his official capacity as Secretary of the Department of Homeland Security ("Defendant" or "DHS"), hereby answers plaintiff Mohi'Dean A. Al'Zaiem's First Amended Complaint as follows, in correspondingly numbered paragraphs. Defendant denies all allegations except as expressly admitted below.

## I. INTRODUCTION

1. This Paragraph characterizes Plaintiff's cause of action in this case, to which a response is not required. To the extent a response is required, Defendant avers that the Court has dismissed several of Plaintiff's claims and Defendant denies any surviving claims.

## II. JURISDICTION AND VENUE

2. Defendant admits that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 over the claims remaining following the Court's August 4, 2023 Memorandum Opinion and Order ("Opinion"). Defendant denies all other allegations in this Paragraph.

3. Defendant admits venue is proper.

## III. PARTIES

4. Defendant lacks information or knowledge as to allegation in the first sentence of this Paragraph. As for the second sentence, Defendant admits that Plaintiff was an employee of the U.S. Citizenship & Immigration Service ("USCIS"), which is a component of DHS, from on or about April 16, 2017 until his removal effective June 25, 2020. The third sentence is a legal conclusion to which a response is not required. l.

5. Defendant admits that Alejandro Myorkas is the Secretary of DHS and is properly named in his official capacity only. Defendant denies all other allegations in this Paragraph.

6. This Paragraph contains Plaintiff's characterizations of the above-styled matter and conclusions of law to which no response is required. To the extent a response is required, Defendant denies that it has committed any violations, willful or otherwise.

## IV. EXHAUSTION OF REMEDIES

7. Defendant denies the allegation in this Paragraph.

8. Defendant admits that Plaintiff initiated informal Equal Employment Opportunity ("EEO") counseling in Case No. HS-CIS-00374-2019. Defendant denies all other allegations in this Paragraph.

9. Defendant admits that Plaintiff initiated EEO contact in Case No. HS-CIS-01664-2019 on or about June 14, 2019, and that such contact was timely with respect to some claims raised in this matter. Defendant denies all other allegations in this Paragraph.

10. Defendant admits that Plaintiff filed a formal complaint of discrimination in Case No. HS-CIS-01664-2019, but states that record evidence establishes it was filed on September 12, 2019, rather than September 29, 2019, as alleged. Defendant further admits that Plaintiff indicated that bases for his claims asserted on his formal complaint are race (Middle-Eastern), color (Light

Brown), religion (Muslim), national origin ("Middle-Eastern"), age (year of birth "1967"), physical or mental disability ("Chronic Injuries to R-hand, Spine & ADD/ADHD"), and retaliation/reprisal ("EEO Mediation only in November 2018"). Defendant denies all other allegations in this Paragraph.

11. Defendant admits that the investigation of Plaintiff's formal in Case No. HS-CIS-01664-2019 over the period of November 22, 2019, to February 16, 2020. Defendant denies all other allegations in this Paragraph.

12. Defendant admits that in Case No. HS-CIS-01664-2019, Plaintiff requested a hearing before the U.S. Equal Employment Opportunity Commission ("EEOC") that was docketed as EEOC No. 570-2020-00795X. Defendant is without sufficient information to admit or deny whether Plaintiff requested a hearing "upon receipt of the report of investigation ("ROI") as alleged.

13. Defendant admits the allegations in this Paragraph. Defendant, however, notes that the Court in its August 4, 2023 Opinion dismissed the claims which Plaintiff sought to add by amendment before the EEOC.

14. Defendant admits that on or about April 23, 2021, Plaintiff sought reconsideration of his request to amend his complaint before the. Defendant, however, notes that the Court in its August 4, 2023 Opinion dismissed the claims which Plaintiff sought to add by amendment before the EEOC.

15. Defendant admits that, on March 31, 2022, the EEOC entered summary judgment in favor of Defendant in EEOC No. 570-2020-00795X.

16. Defendant admits the allegation in this Paragraph.

17. Defendant admits that Plaintiff appealed Defendant's Final Order to the EEOC's Office of Federal Operations ("OFO") on April 29, 2022.

18. Defendant admits that on September 28, 2022, OFO issued its decision affirm Defendant's Final Order and providing Plaintiff notice of his right to file a civil action in United States District Court within ninety (90) calendar days of receipt of OFO's decision.

19. Defendant admits that Plaintiff filed his initial complaint in this matter on December 27, 2022, rather than December 27, 2023.

20. Defendant admits the allegations in this Paragraph.

21. Defendant admits that Plaintiff filed his First Amended Complaint on May 17, 2023.

## V. FACTS

22. Defendant fully incorporates its responses to the preceding paragraphs above.

23. Defendant admits the allegations in this Paragraph.

24. Defendant denies the allegations in this Paragraph.

25. Defendant is without sufficient information to admit or deny when Plaintiff was diagnosed with any condition or what, if any, medical documentation was provided to his supervisors.

26. Defendant is without sufficient information to admit or deny when Plaintiff was told he would be placed on a performance improvement plan ("PIP").

27. Defendant admits the allegations in this Paragraph.

28. Defendant admits that Plaintiff requested reasonable accommodation on or about January 11, 2019, and again on or about March 26, 2019. Defendant admits that Plaintiff requested to work on different types of work which he contended would alleviate his problems with

maintaining focus, as well has help with his pain. Defendant denies the remaining allegations in this Paragraph.

29. Defendant admits that on or about March 13, 2019, Defendant responded to Plaintiff's January 2019 request for accommodation by granting an alternative accommodation of an ergonomic mouse to alleviate his thumb pain for which he sought the accommodation. Defendant further admits that it denied Plaintiff's March 2019 request for accommodation. Defendant denies the remaining allegations in this Paragraph.

30. Defendant admits that on or about April 25, 2019, then-Potomac Service Center ("PSC") Chief of Staff ("COS") Connie Bae denied Plaintiff's March 2019 request for accommodation. Defendant denies the remaining allegations in this Paragraph.

31. Plaintiff has renounced any religious accommodation claim, so a response is not required to this Paragraph. To the extent a response is required, Defendant denies the allegations.

32. Defendant admits that Plaintiff was assigned to report to Supervisory Immigration Services Officer ("SISO") Youngjin Yi in late June or early July 2018 to on or about June 13, 2019. Defendant further admits that SISO Yi identifies as Asian Catholic, Korean, born in 1982, and in 2020 denied any disability. Defendant admits that SISO Yi became aware of Plaintiff's Middle-Eastern race/national origin, color, and religion in August 2019, his age in approximately January 2019, his disclosed thumb condition in January 2019 and, subsequently, SISO Yi learned Plaintiff sought accommodation for ADD in or around April 2019. Defendant admits that SISO Yi learned of Plaintiff's EEO activity on or about November 4, 2019. Defendant denies the remaining allegations in this Paragraph.

33. Defendant admits that Myriam Vilmenay supervised Plaintiff for a period of time. Defendant denies the remaining allegations of this paragraph.

34. Defendant admits that then-PSC Section Chief ("SC") Ronald Larose was Plaintiff's second-level supervisor from on or about April 2018 to on or about May 2019. Defendant further admits that SC Larose identifies as Caucasian, white, Catholic, Canadian national origin, born in 1966, and in 2020 denied any disability. Defendant admits that when he met Plaintiff in or about April 2018, SC Larose perceived Plaintiff's race and color as white, believed that Plaintiff was from Serbia, learned from Plaintiff that he is Muslim, and learned Plaintiff's age. Defendant admits that SC Larose learned of Plaintiff's medical conditions for which he sought accommodations when Plaintiff requested the accommodations. Defendant denies the remaining allegations in this Paragraph.

35. Defendant admits that then-PSC Associate Center Director ("ACD") Sharon Orise was Plaintiff's third level supervisor from April 2018 until May 2019. Defendant further admits that ACD Orise identifies as Black/African American, light brown color, Christian, American, born in 1966, and has a disability. Defendant admits that ACD Orise became aware of Plaintiff's race, religion, national origin, and disability in or about September 2018, and she became aware of Plaintiff's color in April 2018. Defendant denies the remaining allegations in this Paragraph.

36. Defendant admits the allegations in this Paragraph were accurate as of January 14, 2020.

37. Defendant admits that during the timeframe at issue in Plaintiff's claims, Connie Bae was the PSC Chief of Staff. Defendant is without sufficient information to admit or deny the remaining allegations in this Paragraph.

38. Defendant admits that Plaintiff transferred to the PSC from the USCIS National Benefits Center ("NBC"). Defendant further admits that Plaintiff's requests to work credit hours

and overtime were denied. Defendant further admits that Plaintiff required training when he transferred from NBC to PSC. Defendant denies the remaining allegations in this Paragraph.

39. Defendant admits that between February 2019 and Plaintiff's reassignment due to unacceptable performance, his second request for disability accommodation was denied, and his requests for overtime were denied. Defendant denies the remaining allegations in this Paragraph.

40. Defendant admits that Plaintiff was not allowed to attend training related to work to which he was not assigned or for which he was otherwise ineligible. Defendant denies the remaining allegations in this Paragraph.

41. Defendant denies the allegations in this Paragraph.

42. Defendant admits that Plaintiff was placed on a PIP due to unacceptable performance, and that prior to being place on a PIP, Plaintiff was placed on a mentoring plan for a period of time. Defendant denies the remaining allegations in this Paragraph.

43. Defendant denies the allegations in this Paragraph that similarly situated coworkers were treated more favorably.

44. Defendant denies the allegations in this Paragraph.

45. Defendant denies the allegations in this Paragraph.

46. Defendant admits the allegations in this Paragraph.

47. Defendant admits the allegations in this Paragraph.

48. Defendant denies the allegations in this Paragraph.

49. Defendant admits the allegations in this Paragraph.

50. Defendant is without sufficient information to admit or deny what documentation or information related to medical conditions was provided to "Ms. Rogers." Defendant denies the remaining allegations in this Paragraph.

51. Defendant admits the allegation in this Paragraph.

52. Defendant admits the allegations in this Paragraph.

53. Defendant admits the allegations in this Paragraph.

54. Defendant admits the allegation in this Paragraph.

55. Defendant admits the allegations in this Paragraph.

56. Defendant admits that Plaintiff was denied a position as an Immigration Services Officer II. Defendant lacks sufficient information to admit or deny the remaining allegations in this Paragraph.

57. Defendant denies the allegations in this Paragraph.

## VI. CAUSES OF ACTION

### COUNT ONE

23. (sic) Defendant fully incorporates its responses to the preceding paragraphs above.

24. (sic) Defendant admits that Plaintiff has consistently identified himself as alleged.

25. (sic) Defendant denies the allegations in this Paragraph.

26. (sic) Defendant admits that certain USCIS management officials were aware of some or all of Plaintiff's protected characteristics as described in Paragraphs 32-37, above, but denies any remaining allegations in this Paragraph.

27. (sic) Defendant denies the allegations in this Paragraph.

28. (sic) Defendant denies the allegations in this Paragraph.

29. (sic) Defendant denies the allegations in this Paragraph.

30. (sic) Defendant denies the allegations in this Paragraph.

31. (sic) Defendant denies the allegations in this Paragraph.

**COUNT TWO**

32. (sic) Defendant fully incorporates its responses to the preceding paragraphs above.

33. (sic) Defendant denies the allegations in this Paragraph.

34. (sic) Defendant denies the allegations in this Paragraph.

35. (sic) Defendant admits that certain USCIS management officials were aware of some or all of Plaintiff's protected activities as described in Paragraphs 32-37, above, but denies any remaining allegations in this Paragraph.

36. (sic) Defendant denies the allegations in this Paragraph.

37. (sic) Defendant denies the allegations in this Paragraph.

38. (sic) Defendant denies the allegations in this Paragraph.

39. (sic) Defendant denies the allegations in this Paragraph.

40. (sic) Defendant denies the allegations in this Paragraph.

**COUNT THREE**

41. (sic) Defendant fully incorporates its responses to the preceding paragraphs above.

42. (sic) Defendant denies the allegations in this Paragraph.

43. (sic) Defendant denies the allegations in this Paragraph.

44. (sic) Defendant denies the allegations in this Paragraph.

45. (sic) Defendant denies the allegations in this Paragraph.

46. (sic) Defendant denies the allegations in this Paragraph.

47. (sic) Defendant denies the allegations in this Paragraph.

48. (sic) Defendant denies the allegations in this Paragraph.

49. (sic) Defendant denies the allegations in this Paragraph.

50. (sic) Defendant denies the allegations in this Paragraph.

51. (sic) Defendant denies the allegations in this Paragraph.

52. (sic) Defendant denies the allegations in this Paragraph.

## **COUNT FOUR**

53. (sic) Defendant fully incorporates its responses to the preceding paragraphs above.

54. (sic) Defendant admits that, while employed by USCIS, Plaintiff indicated that he suffered from the medical conditions listed. Defendant contends that whether Plaintiff is in a protected class is a legal conclusion for which no response is required but, to the extent a response is required, Defendant denies the same.

55. (sic) This Paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendant denies the allegations in this Paragraph.

56. (sic) This Paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendant denies the allegations in this Paragraph.

57. (sic) Defendant is without sufficient information to admit or deny the allegations in this Paragraph.

58. (sic) This Paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendant denies the allegations in this Paragraph.

59. (sic) Defendant denies that Plaintiff was entitled to any accommodation that he requested but did not receive.

60. (sic) Defendant denies the allegations in this Paragraph.

61. (sic) Defendant denies the allegations in this Paragraph.

62. (sic) This Paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendant denies the allegations in this Paragraph.

63. (sic) Defendant is without sufficient information to admit or deny the allegations in this Paragraph.

64. (sic) Defendant denies the allegations in this Paragraph.

65. (sic) Defendant denies the allegations in this Paragraph.

66. (sic) Defendant admits that during his employment, Plaintiff informed management officials that he suffered from certain medical and/or mental conditions. Defendant denies any other allegations in this Paragraph.

67. (sic) Defendant denies the allegations in this Paragraph.

68. (sic) Defendant denies the allegations in this Paragraph.

69. (sic) Defendant denies the allegations in this Paragraph.

70. (sic) Defendant denies the allegations in this Paragraph.

71. (sic) Defendant denies the allegations in this Paragraph.

**COUNT FIVE**

72. (sic) Defendant fully incorporates its responses to the preceding paragraphs above.

73. (sic) Defendant admits the allegations in this paragraph.

74. (sic) Defendant denies the allegations in this Paragraph.

75. (sic) Defendant admits that certain USCIS management officials were aware of Plaintiff's age as described in Paragraphs 32-37, above, but denies any remaining allegations in this Paragraph.

76. (sic) Defendant admits the allegations in this paragraph.

77. (sic) Defendant admits the allegations in this paragraph.

78. (sic) Defendant admits the allegations in this paragraph.

79. (sic) Defendant admits the allegations in this paragraph.

80. (sic) Defendant admits the allegations in this paragraph.

## PRAYER FOR RELIEF, EQUITABLE RELIEF, JURY DEMAND

The remainder of Plaintiff's First Amended Complaint consists of Plaintiff's Prayer for Relief, Equitable Relief and Jury Demand and, thus, no response is required. To the extent these Paragraphs are deemed to contain factual allegations, Defendant denies those allegations, and denies that Plaintiff is entitled to any relief, and denies that Plaintiff is entitled to compensatory damages, attorney fees or a jury trial for any claim brought under the ADEA.

## DEFENSES

### First Defense

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to exhaust administrative remedies, otherwise failed to comply with administrative, regulatory, and/or statutory requirements that are prerequisites to the maintenance of this action, and/or they have been dismissed by the Court's August 4, 2023 Memorandum Opinion and Order.

### Second Defense

No action or omission by Defendant was the proximate cause of any alleged injury, loss, or damage to Plaintiff and, thus, Plaintiff's claims should be dismissed because there is no causal connection between the events alleged in the Amended Complaint and any damages Plaintiff has allegedly suffered.

**Third Defense**

Any relief granted would be limited by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981a.

**Fifth Defense**

Defendant took all appropriate corrective actions to address complaints of alleged employment discrimination, harassment, hostile work environment, and/or Equal Employment Opportunity ("EEO") retaliation.

**Fifth Defense**

Plaintiff has failed to mitigate his damages with reasonable diligence.

**Sixth Defense**

Plaintiff's Amended Complaint fails to allege a prima facie case of discrimination, retaliation, and/or hostile work environment with respect to his claims, in part, because many of the actions Plaintiff alleges as the basis of his claims are not adverse actions within the meaning of Title VII and/or the ADEA.

**Seventh Defense**

Any actions taken by Defendant with respect to Plaintiff were based solely on legitimate, non-discriminatory, non-retaliatory reasons, and Plaintiff cannot prove pretext.

**Eighth Defense**

Plaintiff is not entitled to non-pecuniary compensatory damages under the ADEA.

**Ninth Defense**

Plaintiff is not entitled to a jury trial for any claims under the ADEA.

**Tenth Defense**

Plaintiff's claims are inextricably intertwined with claims waived by settlement.

**Eleventh Defense**

Plaintiff's hostile work environment allegations fail to state a claim upon which relief can be granted.

**Twelfth Defense**

Defendant would have taken the same action in the absence of the impermissible motivating factor.

Defendant may have additional defenses which are not known at this time, but which may become known through further proceedings. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the First Amended Complaint become known to it through the course of the litigation.

* * *

Dated: September 25, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ L'Shaunteé J. Robertson
L'SHAUNTEE J. ROBERTSON, D.C. BAR #980248
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-1729
Lshauntee.robertson@usdoj.gov

*Attorneys for the United States*